<strong>HIRSCHBERG v. OLSON, et ux.</strong><br>No. 61-5167-E.<br>Circuit Court, Duval County.<br>March 5, 1962.

Joseph Glickstein, Jacksonville, for plaintiff.

Martin Sack, Jr., Jacksonville, for defendants.

WILLIAM H. MANESS, Circuit Judge.

This cause came on to be heard before me on February 6, 1962, after due notice, upon the respective motions for a summary decree filed herein by both the plaintiff and the defendants. The sole question now for consideration is the construction of the terms of the mortgage note evidencing the obligation alleged to be in default and for which default plaintiff asserts a right to foreclose a mortgage deed given by defendants.

The complaint (brought under section 702.02, F.S.), alleges that the plaintiff is the owner and holder of a mortgage executed by the defendants encumbering certain real property in Duval County, and that the plaintiff is the owner and holder of the mortgage note which is described in and secured by the mortgage; that the defendants are in default for failure to pay the mortgage note in accordance with the terms thereof; that by reason of such default there is due and owing to the plaintiff from the defendants the principal sum, together with interest at the rate of 10% per annum *from the date of maturity* of the note computed upon the principal due and the accrued interest. The principal sum of $5,500 was required to be paid on August 30, 1953 under the terms of the note, in a single sum. The complaint further alleges that by reason of the default which occurred on August 30, 1953, it became necessary for the plaintiff to employ his attorney and that plaintiff has obligated himself to pay a reasonable attorney's fee, and plaintiff is so obligated if there has been a default as alleged.

The answer of the defendants admits plaintiff's ownership of the note and mortgage, and alleges as a "Second Defense" that interest was paid on the obligation at the rate of 6% per annum subsequent to the said maturity date through November 30, 1956; that the defendants duly paid, satisfied and discharged the lien of the mortgage by tendering payment to the plaintiff of the principal sum, together with accrued interest thereon at the rate of 6% per annum from November 30, 1956 through the date of

the tender; that plaintiff refused to accept the said amount as full payment of the note; and that thereafter, when plaintiff filed this action on December 22, 1961, the defendants paid the amount *determined by them to be due,* to-wit, $7,156.50, into the registry of the court on December 27, 1961, at the time of the filing of their answer.

In his reply to defendants' second defense (ordered by the court), the plaintiff admits the receipt of interest, after maturity, at the rate of 6% per annum until November 30, 1956, but denies that the interest was paid on the mortgage note *according to the terms and tenor thereof,* particularly the following provision —

"If default be made in the payment of any of said sums or interest or in the performance of any agreements contained herein or in the said mortgage then, at the option of the holder of the same, the principal sum then remaining unpaid with accrued interest shall immediately become due and collectible without notice, time being of the essence of this contract, and said principal sum and said accrued interest shall both bear interest at the rate of ten per centum per annum, from such time until paid."

The real difficulty here grows out of the use of an "instalment form" note to evidence an obligation where the principal sum was to be paid all at one time. Plaintiff contends that he is automatically entitled to his principal, together with interest thereon at the rate of 10% per annum, *after maturity,* and interest at the rate of 10% per annum upon the accrued interest, a reasonable fee for his attorney, and the cost of this proceeding. On the other hand, defendants contend that the plaintiff is entitled only to his principal, together with interest thereon at the rate of 6% per annum, after maturity, because plaintiff never exercised the so called "option" in the language quoted above.

The affidavit filed by the defendants in support of their motion for summary final decree substantially sets forth and confirms the foregoing facts. Counsel for both parties agree that the sole point for determination by the court is as to the construction and operation of the above quoted portion of the mortgage note. The plaintiff asserts that neither the right to nor the necessity for the exercise of the option contained in the mortgage note ever accrued to him by reason of the fact that the mortgage note, by the express provisions thereof, was never in default *prior to maturity* and that the happening of an express condition precedent (a default in the payment of interest or in the performance of any agreements contained in said mortgage note or in the said mortgage) was first required before any such right to exercise the option would become vested in the plaintiff; that the happening

of such condition precedent did not occur at any time prior to the maturity date set forth in the mortgage note; that the only default that occurred came about coincident with the maturity date of the instrument, namely, August 30, 1953, when the principal sum was then at that time immediately due and collectible and was not paid; and that since the said mortgage note had not been in default prior to maturity, the inchoate right to exercise such option never arose and that the option should be treated as nugatory when the purpose thereof no longer exists. It follows, plaintiff also contends, that the tender did not constitute a valid tender because the amount thereof did not include interest computed at 10% after maturity. On the other hand, defendants contend that the option contained in the quoted portion of the note continued in force subsequent to the maturity date and thereby required some affirmative act on the part of the plaintiff and notice to defendants before the plaintiff became entitled to insist on the higher rate of interest.

After careful consideration, the court agrees with plaintiff's contention and concludes that the option to accelerate the maturity date of the principal balance became inoperative at maturity, and is not applicable, inasmuch as no default occurred prior to the date the note matured by its express terms. The *date of maturity* is the "polestar" in construing the language of the above quoted option and to attempt to give meaning to such option after the maturity of the obligation in order to entitle plaintiff to the higher rate of interest would do violence to the intent of the parties as expressed by the language of the note when read as a whole. The note provides for interest on the principal sum at the rate of 6% per annum *until maturity*, and, thereafter, at the rate of 10% per annum, unless the principal be paid on or before the maturity date; therefore, after the principal sum had become matured and became due and payable, and was not paid, the rate of interest became 10%.

It follows, as a matter of law, that the alleged tenders of December 6, 1961 and December 27, 1961 were inadequate to cover the amount to which the plaintiff is entitled and that such alleged tender did not constitute a valid tender of payment of the sums due under said note and mortgage herein sought to be foreclosed and that there is no genuine issue as to any material fact and plaintiff is entitled to a summary decree on the issue of his right to a final decree of foreclosure and sale.

It is thereupon, hereby ordered, adjudged and decreed that plaintiff's motion for a summary decree be, and the same is, hereby granted and defendants' said motion should be, and the same is, hereby denied.